UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTIEZ J. DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1140 JCH |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Martiez J. Davis's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On June 20, 1999, a jury in the Circuit Court of St. Louis City, Missouri, convicted Petitioner of one count of first degree murder, one count of attempted forcible rape, and one count of armed criminal action. Petitioner was sentenced to life imprisonment without the possibility of parole on the murder charge, and to consecutive terms of life and thirty years imprisonment on the other two charges. Petitioner's convictions and sentences were affirmed on appeal. State v. Davis, 32 S.W.3d 603 (Mo. App. 2000). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after an evidentiary hearing. The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Davis v. State, 211 S.W.3d 639 (Mo. App. 2007).

Petitioner is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri. In his petition for writ of habeas corpus, Petitioner raises the following two claims for relief:

(1) That Petitioner received ineffective assistance of trial counsel, in that counsel failed to request a mistrial when a juror wept after viewing a photograph of the victim; and

(2) That Petitioner received ineffective assistance of trial counsel, in that counsel failed to file new or renewed motions to suppress and/or dismiss after Petitioner was recharged with the same crimes before a different Judge.

In response, Respondent contends the instant petition should be dismissed, because Petitioner's claims are subject to a procedural bar for failure properly to raise the grounds in state court.

## DISCUSSION

As stated above, in Ground 1 of his petition, Petitioner alleges he received ineffective assistance of trial counsel, in that trial counsel failed to request a mistrial when a juror wept after viewing a photograph of the victim. (§ 2254 Petition, P. 6). In Ground 2 of his petition, Petitioner alleges he received ineffective assistance of trial counsel, in that trial counsel failed to file new or renewed motions to suppress and/or dismiss after Petitioner was recharged with the same crimes before a different Judge. (Id., P. 7).

A review of the record reveals that while Petitioner raised Grounds 1 and 2 in his pro se post-conviction motion, he failed to pursue the claims in his amended post-conviction motion, or on appeal of the denial of that motion. (See Defendant's Exh. F, PP. 6, 9, 23-39; Defendant's Exh. H). A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). Because Petitioner has failed properly to raise the claims in state court proceedings, the claims are defaulted and he is procedurally barred from pursuing them here. Coleman v. Thompson, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995). This Court therefore cannot reach the merits of the claims absent

a showing of cause and prejudice, or a demonstration, "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has not shown cause for his failure to raise the claims in state court.[1] In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir.), cert. denied, 516 U.S. 876 (1995). Petitioner's claims of ineffective assistance of trial counsel raised in Grounds 1 and 2 of the instant petition are therefore procedurally defaulted and will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

---

[1] In his § 2254 petition, Petitioner asserts he declined to raise the claims because he was told they would not succeed. (§ 2254 Petition, PP. 6, 8). Upon consideration, the Court finds this reasoning insufficient to constitute cause for the default. Further, to the extent Petitioner may assert Grounds 1 and 2 were not raised in his Rule 29.15 motion because his attorney failed to raise the issues, the Court notes there is no constitutional right to effective assistance of post-conviction counsel. Jolly, 28 F.3d at 54 (citing Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992)). Thus, because ineffective assistance of post-conviction counsel does not raise an issue of constitutional magnitude, any potential ineffective assistance of post-conviction counsel claims raised in Grounds 1 and 2 of the instant petition are not cognizable in this proceeding and must be denied.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 21st day of December, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE